UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Allan Rainey, #336389, | ) C/A No. 9:11-01314-JFA-BM |
| Plaintiff, | ) |
| vs. | ) |
| SGT. Larry Morris, | ) **Report and Recommendation** |
| Defendant. | ) |

Christopher Allan Rainey (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The Complaint states that Defendant Sgt. Larry Morris, an SCDC correctional officer,[1] searched Plaintiff's cell on April 29, 2011. ECF No. 1, page 4. Defendant Morris allegedly dropped "a folded piece of paper" containing a "white powdery substance" onto the floor, and then falsely accused Plaintiff of trafficking narcotics. *Id.* Plaintiff was convicted of the infraction during a disciplinary hearing conducted on May 16, 2011. *Id.* at 5. Plaintiff suffered the loss of sixty (60) days of good conduct time credit and the imposition of other unspecified sanctions. *Id.* Plaintiff seeks to have all "sanctions lifted from [his] record" and monetary damages for the Defendant's actions. *Id.* at 6.

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007). Even when considered under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

As an initial matter, it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before fully exhausting the South Carolina Department of Corrections (SCDC) administrative remedy process. ECF No. 1, pages 2, 5. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

2



The lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006). In the instant action, Plaintiff concedes that he has not fully exhausted the institutional grievance process concerning the claims raised in this case.[2] Thus, the instant Complaint is subject to summary dismissal for lack of exhaustion.

Further, the instant pleading would be subject to summary dismissal even had Plaintiff demonstrated administrative exhaustion of his claims. Plaintiff alleges that his disciplinary conviction for trafficking narcotics was erroneous because it was "solely based off [Defendant Morris' false] report." ECF No. 1, page 2. Liberally construed, Plaintiff appears to be claiming a violation of his right to due process during the disciplinary process. However, the pleading contains no facts to indicate that Plaintiff was denied any of the safeguards required for inmate disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Baxter v. Palmigiano*, 425 U.S. 308 (1976)(discussing limited range of inmate rights in prison disciplinary proceedings). The fact that the disciplinary hearing officer deemed other evidence presented at the hearing to be more credible than Plaintiff's testimony is simply insufficient to state a due process claim under *Wolff*. *See Brown v. Braxton*, 373 F.3d 501, 509 (4th Cir. 2004)("Again and again, the Supreme Court has

---

[2] Plaintiff was convicted of the disciplinary charge resulting from the Defendant's alleged improper actions on May 15, 2011. The instant Complaint was signed by Plaintiff on May 24, 2011.



cautioned that we should be hesitant to substitute our judgments for those of prison administrators."). As such, any due process claim Plaintiff may be alleging must fail.

It is also noted that Plaintiff seeks the reversal of sanctions, including good conduct time credits lost as a result of the disciplinary conviction on May 16, 2011. However, in order to challenge the fact or duration of confinement a prisoner must file a petition for a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). As Plaintiff has filed his Complaint pursuant to 42 U.S.C. § 1983, the return of good conduct time is not an available form of relief. To the extent Plaintiff is seeking monetary damages for the sanctions which resulted from the disciplinary conviction, a claim for monetary damages associated with the loss of good time credits is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), where the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success in the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.

*Heck's* ruling was extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."). *See Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3 (D.S.C. Jan. 24, 2011)("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones."). While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations such as Plaintiff's, where the administrative action affected credits toward



release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

Since *Heck* applies in the instant circumstance, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, his claim for monetary damages is barred by the holdings in *Heck* and *Edwards*. Thus, the Court cannot grant either form of relief requested by Plaintiff at this time.

## Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

_____

June 16, 2011                                       Bristow Marchant
Charleston, South Carolina                 United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

