IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Allan Rainey, | ) | C/A: 9:11-1314-JFA-BM |
| | ) | |
|           Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sgt. Larry Morris, | ) | |
| | ) | |
|           Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Christopher Allan Rainey, is incarcerated at the Ridgeland Correctional Institution (RCI), a facility of the South Carolina Department of Corrections (SCDC). The plaintiff initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendant improperly revoked his good conduct time credits and imposed sanctions after the plaintiff was convicted of disciplinary violations.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint because the plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). The Report sets forth in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to submit objections to the Report and Recommendation, which was filed on June 16, 2011. However, the plaintiff did not file objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *Anderson ,*407 F.3d 674.

Here, the Magistrate Judge notes that the plaintiff was convicted of the disciplinary

charge resulting from the defendant's improper actions on May 15, 2011. The instant complaint was signed by the plaintiff on May 24, 2011 and filed on the docket on June 1, 2011. Thus, it is clear from the plaintiff's complaint that he has not exhausted his administrative remedies as required. This court agrees with the Magistrate Judge that the case is premature and subject to summary dismissal.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 24, 2011
Columbia, South Carolina

3